(69 Misc. Rep. 599.)

### COHEN v. RIESENBERG et al.

(Supreme Court, Appellate Term. December 8, 1910.)

TRIAL (§ 206*)—OPINION EVIDENCE—QUESTION FOR JURY—INSTRUCTIONS.

Where the issues were dependent on expert evidence, the jury should be instructed that its weight depends on whether the facts recited in the hypothetical questions are established by evidence, and on the knowledge, accuracy, and honesty of the witnesses, and that the evidence must be weighed as any other evidence, and a verdict rendered by the jury, understanding that they were at liberty at will to consider or reject expert testimony, will be set aside.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 206.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Julius M. Cohen against Adolph Riesenberg and another, doing business as H. C. F. Koch & Co. From a judgment for defendants, plaintiff appeals. Reversed, and new trial granted.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Davis & Dworsky (Harold P. Dworsky, of counsel), for appellant.
Abraham S. Weltfisch, for respondents.

PLATZEK, J. The plaintiff delivered to the defendants three pairs of Marie Antoinette and two pairs of Bon Femme curtains, to be cleaned. These curtains were redelivered by the defendants to the plaintiff, who then sent the Marie Antoinette curtains to Altman & Co. to be headed, keeping the Bon Femme curtains in his possession. The defendants employed one Levey, a dyer and cleaner, to clean these curtains. The plaintiff claims that the unskillful and unworkmanlike manner in which the curtains were treated in the process of cleaning resulted in damaging and partially destroying them. There is a conflict in the evidence as to whether the curtains to be cleaned were to be treated by a dry or wet process, and also whether they were damaged at all by the defendants or Levey, their agent, or in some other way.

William Forger was called as an expert witness by the plaintiff to show the difference in the method and result of cleaning the curtains by dry or wet process and that the cleaning was improper and unskillful. Innumerable incompetent hypothetical questions were framed and propounded by plaintiff's attorney to this witness, to which numerous general and technical objections were made and passed upon by the court. It is manifest that it was impossible for the jury to intelligently consider and determine the weight and credence to be given to the expert testimony under the circumstances disclosed in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the record. In order to properly weigh the expert proof, the attention of the jury should have been drawn to the fact that, when testimony is given in answer to a hypothetical question, its weight depends entirely upon whether or not the facts recited therein are established by the evidence, and that in all cases it depends upon the knowledge, accuracy, and honesty of the witnesses, and, whether with respect to what the expert witness observed, or with respect to his opinion on an assumed state of facts, is not to be rejected or accepted at will, but is to be weighed and considered by the jury the same as any other evidence; the jury, however, being at liberty, after weighing and considering such testimony, to disbelieve it when it is improbable, or when it is discredited or disproved by other testimony in the case, or when the jury believe that such witness' has testified falsely or was mistaken with respect to any fact or opinion. Lubbee v. Hilgert, 135 App. Div. 227, 120 N. Y. Supp. 387. It is a fair assumption that the jury was influenced in rendering their verdict in some degree by the understanding that they were at liberty absolutely to consider or reject the expert evidence, especially that embraced in the hypothetical questions, as they saw fit. Besides, the verdict is against the weight of evidence.

It follows that the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.